FILED

SEP 10 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

**ANTHONY LAMAR JONES TRUST**, by Anthony Lamar Jones, Sole Trustee,

and

**ANTHONY JONES**, individually and as Sole Proprietor,

*Plaintiffs*,

v.

4:26 CV 02201

JUDGE PEARSON

**MAG JUDGE KNAPP**

**FORD MOTOR CREDIT COMPANY LLC**, d/b/a Ford Credit,

**ALYSON JUMPER**, individually and in her official capacity as an official of the Trumbull County Title Department,

and

**CHRISTINE ORTIZ**, individually and in her official capacity as an official of the Trumbull County Title Department,

*Defendants*.

**CASE NO.:** ____________________

**JUDGE:** ____________________

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, CONVERSION, DEPRIVATION OF DUE PROCESS (42 U.S.C. § 1983), AND STATUTORY VIOLATIONS

**JURY DEMAND ENDORSED HEREON**

Comes now Plaintiffs, ANTHONY LAMAR JONES TRUST, by and through its Sole Trustee, Anthony Lamar Jones, and ANTHONY JONES, individually and as Sole Proprietor, and for their Amended Complaint against Defendant FORD MOTOR CREDIT COMPANY LLC and Individual and Official Defendants ALYSON JUMPER and CHRISTINE ORTIZ, respectfully allege and state as follows:

## I. NATURE OF THE ACTION

1. This action arises out of Defendant Ford Credit's unlawful, unauthorized, and bad-faith post-settlement reversal of a prefunded, tokenized payment instrument

issued by Plaintiffs to satisfy in full an auto financing balance under Account No. 65237261 for a 2026 Ford Explorer (VIN: 1FMUK8KH7TGA02073), operating in combination with ultra vires, unlawful administrative acts and civil rights violations committed by Defendants Alyson Jumper and Christine Ortiz acting under color of state law in both their individual and official capacities.

2. On June 1, 2026, Plaintiffs transmitted Check No. 501365 in the exact payoff amount of $28,347.00, drawn directly on Federal Reserve Bank (FRB) Master Account infrastructure (#986096754). The payment cleared and settled, acknowledged by Defendant Ford Credit's written Lien Release Letter on June 11, 2026, and its online portal confirmation.
3. On June 24, 2026, a replacement title (Title No. 78 0279 7306) was issued under the name of Anthony Jones following full payoff and electronic lien cancellation.
4. Subsequently, on June 30, 2026, sole legal title was executed and transferred into an unencumbered Ohio Certificate of Title (Title No. 78 0279 8473) registered under the Anthony Lamar Jones Trust showing zero active lienholders.
5. Minutes after the title transfer, title department personnel unlawfully instructed Plaintiff Anthony Jones to surrender the title for a restricted "memorandum title."
6. Defendant Alyson Jumper subsequently notified Plaintiff Anthony Jones via telephone that she had unilaterally "voided" Plaintiffs' validly issued Certificate of Title on June 30, 2026.
7. The following week, Defendant Christine Ortiz contacted Plaintiff Anthony Jones demanding the physical surrender of the title under the false claim that it was government property, demanding Plaintiff accept a $20 refund and a memorandum title preserving an encumbrance for Defendant Ford Credit.
8. Defendants Jumper and Ortiz acted without statutory authority, court order, or procedural due process, depriving Plaintiffs of constitutionally protected property rights under color of state law, both individually and in their official capacities, in violation of 42 U.S.C. § 1983, Ohio R.C. § 4505.02, Ohio R.C. § 4505.10, and federal law.

## II. JURISDICTION AND VENUE

9. Subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1343 for claims brought under 42 U.S.C. § 1983 for deprivation of constitutional rights under color of state law.
10. Venue is proper in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2), because all events and omissions occurred within Trumbull County, Ohio.

## III. PARTIES

11. Plaintiff, ANTHONY LAMAR JONES TRUST, is an express business trust in Ohio, represented by its Sole Trustee, Anthony Lamar Jones, residing in Warren, Trumbull County, Ohio.

12. Plaintiff, ANTHONY JONES, is an individual, living man, and sole proprietor residing at 1326 Southern Boulevard NW, Warren, OH 44485 (Phone: (330) 601-5961; Email: aljones279@gmail.com), under whose name the vehicle was originally purchased, replacement title issued, and financing agreement executed, and who is a beneficiary and trustee of the Anthony Lamar Jones Trust.
13. Defendant, FORD MOTOR CREDIT COMPANY LLC (d/b/a "Ford Credit"), is a Delaware limited liability company conducting commercial auto financing operations in Ohio.
14. Defendant, ALYSON JUMPER, is an individual residing in Ohio, employed at the Trumbull County Title Department, sued herein in both her individual capacity and her official capacity as an agent/official of the Trumbull County Title Department for ultra vires actions and constitutional torts committed under color of state law.
15. Defendant, CHRISTINE ORTIZ, is an individual residing in Ohio, employed at the Trumbull County Title Department, sued herein in both her individual capacity and her official capacity as an agent/official of the Trumbull County Title Department for ultra vires actions and constitutional torts committed under color of state law.

## IV. STATEMENT OF FACTS

### A. Vehicle Purchase, Full Payoff, Tokenized Settlement, Lien Discharge, and Replacement Title Issuance

16. On February 5, 2026, Plaintiff Anthony Jones originally purchased the 2026 Ford Explorer (VIN: 1FMUK8KH7TGA02073) under his individual name, Anthony Jones. At the time of purchase, Plaintiff tendered $15,000.00 in cash via a cashier's check obtained from Chase Bank, along with a trade-in credit allowance of $6,000.00, totaling $21,000.00 in combined down payment and trade-in equity. Plaintiff then entered into a retail installment financing agreement serviced by Defendant Ford Credit under Account No. 65237261 for the remaining balance.
17. On June 1, 2026, Plaintiffs tendered Check No. 501365 in the exact amount of $28,347.00. The instrument was a prefunded, tokenized cash item processed as an interbank settlement item directly against Federal Reserve Bank (FRB) Master Account infrastructure (#986096754) under ANSI X9.100-187 Electronic Image Cash Letter (ICL) standards.
18. Upon processing through the Federal Reserve System, Check No. 501365 received an ISP spray sequence and an Image Reference Number (IRN) on its reverse image, certifying interbank clearing, encoding compliance, and settlement finality pursuant to **Federal Reserve Regulation J (12 C.F.R. Part 210, including 12 C.F.R. §§ 210.9 and 210.12)**, **Regulation CC (12 C.F.R. Part 229; Expedited Funds Availability Act, 12 U.S.C. § 4001 et seq.)**, and **UCC § 4-215 (Ohio R.C. 1304.25)**. Under these governing federal and statutory provisions, once final settlement completed through the Federal Reserve Master Account infrastructure and the payor bank's statutory midnight deadline (UCC §

4-301) expired without return or dishonor, the credit became **finally collected, permanent, and legally irrevocable**, legally extinguishing the underlying security interest and terminating any legal right of post-settlement ledger reversal or administrative clawback.

19. On June 8, 2026, Defendant Ford Credit's online customer portal generated a payoff confirmation stating "Congrats! Your vehicle is paid off" and generated a Paid-in-Full confirmation.
20. On June 11, 2026, Defendant Ford Credit formally issued its written Lien Release Letter confirming complete payoff.

**B. Interbank Settlement, Ledger Reversal, and Admin Voiding**

21. Subsequent to receiving final clearing certification, issuing the Paid-in-Full confirmation, and releasing its lien, Defendant Ford Credit executed an unauthorized, unilateral post-settlement ledger reversal on Plaintiffs' account.
22. Defendant Ford Credit attempted to claw back the settled transaction despite the instrument having already completed the interbank settlement process through Federal Reserve infrastructure.
23. Following Defendant Ford Credit's improper account reversal, Defendants Jumper and Ortiz, acting in their official capacities with the Trumbull County Title Department, engaged in ultra vires administrative actions without a court order, statutory notice, or hearing.
24. On June 30, 2026, Defendant Alyson Jumper instructed Plaintiff Anthony Jones to surrender the newly issued, unencumbered Certificate of Title No. 78 0279 8473, claiming it was issued in error, and unilaterally marked the title record as "voided" in the state database.
25. Defendant Christine Ortiz subsequently contacted Plaintiff, demanding the surrender of the physical title document under threat of administrative invalidation, offering a $20.00 fee refund and attempting to compel Plaintiffs to accept a memorandum title re-imposing a lien in favor of Defendant Ford Credit.
26. At no point prior to or after the voiding of Certificate of Title No. 78 0279 8473 were Plaintiffs provided formal written notice, an opportunity to be heard, or access to an administrative or judicial hearing regarding the deprivation of their unencumbered property title.

**C. Federal Civil Rights Violations and Administrative Non-Compliance**

27. Defendants Jumper and Ortiz acted under color of state law to deprive Plaintiffs of clearly established constitutional rights secured by the Fourteenth Amendment to the United States Constitution, specifically the right to procedural due process prior to the deprivation of property.
28. Defendants Jumper and Ortiz acted in direct violation of **Ohio R.C. § 4505.02 and Ohio R.C. § 4505.10**, which reserve the cancellation or alteration of issued certificates of title strictly to judicial decree or mandatory statutory proceedings. By voiding Certificate of Title No. 78 0279 8473 without statutory authority or a

**Master Exhibits List**

- **Exhibit 1: Payoff Check (Instrument #501365)**
  - **Date:** June 1, 2026
  - **Description:** Check from *Anthony Lamar Jones Trust* payable to Ford Credit in the amount of **$28,347.00** drawn on FRB Master Account #986096754 to pay off vehicle Account #65237261.
- **Exhibit 2: Notice of High-Value Fiscal Clearing and Account Settlement**
  - **Date:** June 1, 2026
  - **Description:** Formal directive signed by Anthony Lamar Jones, Trustee, providing KYC/AML pre-validation notice for Check #501365 to pay off Account #65237261 (VIN: 1FMUK8KH7TGA02073).
- **Exhibit 3: USPS Certified Mail & Tracking Documentation**
  - **Date:** June 1, 2026
  - **Description:** Addressed mailing envelope, USPS Certified Mail Receipt (#7021 2720 0001 2817 8301), and USPS Tracking slip (#9590 9402 6417 0303 4702 78) to Ford Motor Credit.
- **Exhibit 4: USPS Priority Mail Outer Envelope (Postmark)**
  - **Date:** June 1, 2026
  - **Description:** Flat Rate Priority Mail Certified envelope postmarked in Leavittsburg, OH 44430 ($22.60 postage) addressed to Ford Motor Credit in Dallas, TX.
- **Exhibit 5: USPS Domestic Return Receipt (PS Form 3811)**
  - **Date:** June 1, 2026
  - **Description:** Green card Return Receipt showing Certified Article #7021 2720 0001 2817 8301 addressed to Ford Motor Credit.
- **Exhibit 6: Ford Credit Online Portal – Initial Payment Received History**
  - **Date:** June 8, 2026
  - **Description:** Account transaction ledger showing a posted payment received entry of **$28,347.00** on June 8, 2026.
- **Exhibit 7: Ford Credit Online Portal – Vehicle Payoff Confirmation**
  - **Date:** Captured June 9, 2026 (Reflecting June 8, 2026 Payment Date)
  - **Description:** Screenshot of the Ford Credit online portal captured the day after payment processing on June 9th, stating *"Congrats! Your vehicle is paid off"* under the Vehicle Payoff Tracker.
- **Exhibit 8: Ford Credit Paid-in-Full Letter**
  - **Date:** June 8, 2026
  - **Description:** Official correspondence from Ford Credit confirming Account #0000065237261 is paid in full and explaining automatic payment cancellation and electronic lien release procedures.
- **Exhibit 9: Ford Credit Electronic Lien Release Letter**
  - **Date:** June 11, 2026
  - **Description:** Official physical mail letter from Ford Motor Credit Company addressed "To Whom It May Concern," identifying account #65237261 and VIN #1FMUK8KH7TGA02073, confirming receipt of payoff and certifying that Ford

Credit discharged/released the lien electronically via the Ohio electronic titling system.

- **Exhibit 10: Ford Credit Online Portal – Account Dashboard Overview (Copy B)**
  - **Date:** June 8, 2026
  - **Description:** Printed angle/screenshot of the main account dashboard verifying vehicle payoff.
- **Exhibit 11: Ford Credit Online Portal – Account Dashboard Overview (Copy C)**
  - **Date:** June 9, 2026
  - **Description:** Full view screen capture of the main dashboard confirming vehicle payoff status.
- **Exhibit 12: Ford Credit Online Portal – Account Dashboard Overview (Copy D)**
  - **Date:** June 10, 2026
  - **Description:** Full screen monitor view confirming payoff status on the vehicle dashboard.
- **Exhibit 13: Ford Credit Online Portal – Vehicle Payoff Account Screenshot**
  - **Date:** June 11, 2026
  - **Description:** Screenshot of the online account dashboard captured on June 11, 2026, displaying *"You have paid off your vehicle"* status for the account.
- **Exhibit 14: Ford Credit Online Portal – Transaction History showing Payment Reversal (Copy B)**
  - **Date:** June 11, 2026
  - **Description:** Printout of the Transaction History page reflecting the backdated $28,347.00 payment reversal entry.
- **Exhibit 15: Ford Credit Online Portal – Transaction History showing Payment Reversal (Copy C)**
  - **Date:** June 12, 2026
  - **Description:** Later timestamped printout of the transaction history page confirming the backdated payment reversal on the account ledger.
- **Exhibit 16: Ford Credit Online Portal – Additional Transaction History showing Payment Reversal**
  - **Date:** June 2026
  - **Description:** Additional transaction history screenshot/printout from the online portal displaying the $28,347.00 payment reversal entry on the account ledger.
- **Exhibit 17: State of Ohio Clerk of Courts Receipt – Initial Title Transaction**
  - **Date:** June 24, 2026 (9:32:23 AM)
  - **Description:** Official receipt #7802797306 from Trumbull County Clerk of Courts (Randy Law) for VIN: 1FMUK8KH7TGA02073 under owner Anthony Jones ($19.00 fee paid).
- **Exhibit 18: State of Ohio Clerk of Courts Receipt – Title Transfer to Trust**
  - **Date:** June 30, 2026 (8:45:48 AM)
  - **Description:** Official receipt #7802798473 from Trumbull County Clerk of Courts showing title transfer from Anthony Jones to *Anthony Lamar Jones Trust* ($20.00 total fee paid).
- **Exhibit 19: State of Ohio Certificate of Title**
  - **Date:** June 30, 2026

  - **Description:** Original Certificate of Title (Title No. 78 0279 8473) issued by Trumbull County, OH, officially listing the owner as **Anthony Lamar Jones Trust** with **NO LIENHOLDERS** recorded.
- **Exhibit 20: State of Ohio Certificate – Business Trust Registration**
  - **Date:** Filed June 3, 2025 / Certified June 4, 2025
  - **Description:** Official State of Ohio Certificate issued by Secretary of State Frank LaRose certifying the filing of the **Report of Business Trust (BTS)** for *Anthony Lamar Jones Trust* (Document ID: 202515403434 / Entity: 5419166).

## VI. CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT (28 U.S.C. § 2201)

**31.** Plaintiffs reallege and incorporate by reference Paragraphs 1 through 30 as though fully rewritten herein.

**32.** An actual, justiciable controversy exists between Plaintiffs and Defendants concerning payment finality, lien status, and legal ownership of the 2026 Ford Explorer.

**33.** Plaintiffs are entitled to a declaratory judgment confirming that Check No. 501365 resulted in complete and final settlement of Account No. 65237261 pursuant to Federal Reserve Regulation J, Regulation CC, and UCC § 4-215, that Defendant Ford Credit's lien was lawfully extinguished, and that Certificate of Title No. 78 0279 8473 remains valid and unencumbered under Ohio R.C. § 4505.02.

### COUNT II: BREACH OF CONTRACT

**34.** Plaintiffs reallege and incorporate by reference Paragraphs 1 through 33 as though fully rewritten herein.

**35.** The financing agreement constituted a binding contract between Plaintiff Anthony Jones and Defendant Ford Credit.

**36.** Plaintiff fully performed all obligations by tendering full payment of $28,347.00.

**37.** Defendant Ford Credit breached the contract and its duty of good faith and fair dealing by attempting a post-settlement ledger reversal after issuing a full lien discharge.

### COUNT III: CONVERSION

**38.** Plaintiffs reallege and incorporate by reference Paragraphs 1 through 37 as though fully rewritten herein.

**39.** Plaintiffs held exclusive ownership rights in the unencumbered Certificate of Title and the cleared funds.

**40.** Defendants unlawfully exercised dominion and control over Plaintiffs' property by voiding the valid certificate of title and reversing settled financial credits without legal right or authority.

### COUNT IV: DEPRIVATION OF CIVIL RIGHTS / DUE PROCESS (42 U.S.C. § 1983)

**41.** Plaintiffs reallege and incorporate by reference Paragraphs 1 through 40 as though fully rewritten herein.

**42.** Defendants Jumper and Ortiz acted under color of state law as administrative officials of the Trumbull County Title Department.

**43.** By unilaterally voiding Certificate of Title No. 78 0279 8473 without written notice, an administrative hearing, statutory authority under Ohio R.C. Chapter 4505, or judicial process, Defendants Jumper and Ortiz deprived Plaintiffs of constitutionally protected property interests without due process of law.

**COUNT V: OHIO CONSUMER SALES PRACTICES ACT (R.C. 1345.01 ET SEQ.)**

**44.** Plaintiffs reallege and incorporate by reference Paragraphs 1 through 43 as though fully rewritten herein.

**45.** The underlying vehicle purchase and financing constituted a consumer transaction under Ohio law.

**46.** Defendant Ford Credit engaged in unfair, deceptive, and unconscionable acts by attempting to revoke a settled payoff and re-assert an extinguished lien.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, ANTHONY LAMAR JONES TRUST and ANTHONY JONES, respectfully request that this Honorable Court enter judgment in their favor and against Defendants FORD MOTOR CREDIT COMPANY LLC, ALYSON JUMPER, and CHRISTINE ORTIZ as follows:

**A. Declaratory Judgment:** Issuing an Order declaring that Check No. 501365 resulted in complete and final settlement of Account No. 65237261 pursuant to Federal Reserve Regulation J, Regulation CC, and UCC § 4-215, that Defendant Ford Credit's account reversal is null, void, and without legal effect, and that Certificate of Title No. 78 0279 8473 held by the Anthony Lamar Jones Trust is the sole, valid, unencumbered legal title to the 2026 Ford Explorer;

**B. Injunctive / Mandamus Relief:** Issuing temporary, preliminary, and permanent mandatory injunctions prohibiting Defendant Ford Credit, its agents, assignees, or repossession services from attempting to repossess, seize, encumber, or report negative credit information regarding the subject vehicle, and compelling Defendants Jumper and Ortiz to restore all active state database records reflecting clean, unencumbered title under the Anthony Lamar Jones Trust pursuant to Ohio R.C. § 4505.02;

**C. Compensatory Damages:** Awarding actual, consequential, and general damages against Defendants, jointly and severally, in an amount to be determined at trial, but exceeding $75,000.00;

**D. Punitive Damages:** Awarding punitive and exemplary damages against Defendants Ford Credit, Jumper, and Ortiz for willful, bad-faith, ultra vires acts, and reckless disregard of Plaintiffs' constitutional and property rights;

**E. Statutory Fees and Costs:** Awarding reasonable attorneys' fees, court costs, and administrative expenses pursuant to 42 U.S.C. § 1988 and applicable state and federal laws; and

**F. Further Relief:** Granting such other and further legal or equitable relief as this Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues and claims so triable in this action.

Respectfully submitted,

Anthony Lamar Jones

**ANTHONY LAMAR JONES TRUST**

By: Anthony Lamar Jones, Sole Trustee

Warren, Ohio 44485

Anthony Lamar Jones

**ANTHONY JONES**, Individually and as Sole Proprietor

1326 Southern Boulevard NW

Warren, Ohio 44485

Phone: (330) 601-5961

Email: aljones279@gmail.com